[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence June 4, 1997 Date of Application June 8, 1997 Date Application Filed June 16, 1997 Date of Decision June 26, 2001
Application for review of sentence imposed by the Superior Court, Judicial District of Middletown.
Docket Numbers CR 84-64542; CR 84-64541
Steven L. Smith, Pro Se.
John Redway Assistant State's Attorney, for the State.
 BY THE DIVISION
The petitioner was originally sentenced in 1984 to an effective CT Page 10759 sentence of 16 years, execution suspended after 9 1/2 years, with probation for 5 years.
These crimes involved mostly residential and commercial burglaries and related larcenies. In 1991 he was released from prison and his probation commenced.
The probation office later that year could not locate him and applied for an arrest warrant for violation of probation.
In 1993 he was sentenced in California (2 years) and thereafter extradited to Colorado, convicted of larceny and sentenced to 4 years. In August 1996, he was extradited back to Connecticut and in June 1997 found in violation of probation for failing to keep the probation office informed of his whereabouts. The Court imposed the remaining balance of his 1984 sentence to be served.
The petitioner arguing for a sentence reduction claims the failure to notify probation of his whereabouts is a technical violation and that his attorney at his hearing failed to provide the Court with mitigating factors.
As pointed out by the state's attorney, there was a full violation of probation hearing. The transcript reveals that his attorney presented mitigating factors to the Court (covering several transcript pages). In addition Smith utilized his right of allocution and articulately expounded his feelings to the Court.
His conviction for violation of probation was affirmed on direct appeal to the Appellate Court (State v. Smith, 57 Conn. App. 478, 2000).
The Court then reasonably determined that Smith was no longer amenable to probationary efforts, given his subsequent criminal convictions and imposed sentence as indicated.
That Sentence was neither inappropriate nor disproportionate when reviewed pursuant to the provisions of Practice Book § 43-28.
It is, therefore, affirmed.
Klaczak, Norko and O'Keefe, J.s, participated in this decision.